UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JENNIFER STERBLING** | * | **CIVIL ACTION NO.:** |
| **versus** | * | **JUDGE** |
| **USAA CASUALTY INSURANCE COMPANY** | * | **MAGISTRATE** |

## NOTICE OF REMOVAL

**NOW INTO COURT** comes defendant, USAA Casualty Insurance Company (hereinafter "USAA CIC"), who files this Notice of Removal pursuant to 28 U.S.C. §1332 and §1441, and hereby removes this matter from the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

**I. PROCEDURAL HISTORY**

**1.**

Plaintiff filed this lawsuit in the 23rd Judicial District Court for the Ascension, State of Louisiana on April 13, 2023. The case was captioned "*Jennifer Sterbling v. USAA Casualty Insurance Company*," docket No. 136-838, Division C. (Exhibit A).

**2.**

Plaintiff brings this lawsuit against defendant, USAA CIC, for damages resulting from a wind and hailstorm on April 14, 2021. (Exhibit A).

**3.**

Defendant removes this action from the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, State of Louisiana, to the United States District Court for the Middle District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq*.

File No. 0334.0304

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332, THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00, AND COMPLETE DIVERSITY EXISTS

**1.**

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States."

**2.**

According to 28 U.S.C. § 1446(b)(3), "if a case by the initial pleadings is not removable, a notice of removal may be filed within 30 days after receipts by the defendant(s), through service or otherwise of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Addo v. Globe Life and Acc. Ins. Co.,* 230 F. 3d 759, 762 (5th Cir. 2000) (citing *S.W.S. Erectors, Inc. v. Infax Inc.*, 72 F. 3d 489, 494 (5th Cir. 1996)). Medical records and discovery responses are considered "other papers" under 28 U.S.C. § 1446(b)(3).

**3.**

The Petition for Damages does not state whether the amount in dispute exceeds $75,000. (Exhibit A). Plaintiff claims that USAA CIC was presented with "Plaintiff's satisfactory proof of loss and Defendant still has not made an unconditional tender of the amounts owed." (Exhibit A).

**4.**

USAA CIC received notice that the amount in controversy exceeded $75,000 when it received plaintiff's responses to a request for admission denying that her claim is worth less than $75,000. (Exhibit B).

**5.**

USAA CIC admits no liability, denies that it owes any further payments to the Ms. Sterbling and denies that it is liable for any element of damages, however: (1) given that the Ms. Sterbling allege that USAA CIC failed to adequately compensate her; (2) plaintiff denied her claim is worth less than $75,000;and (3) that plaintiff have not alleged in their Petition that their damages are below $75,000.00; these facts demonstrate that the matter in controversy exceeds $75,000. USAA CIC has met its burden of showing that the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

**6.**

Plaintiff, Jennifer Sterbling, is a citizen of and domiciled in the State of Louisiana.

**7.**

Defendant, USAA CIC, is a foreign insurer licensed to and doing business in this State.

**8.**

There is complete diversity of citizenship between the plaintiff and the defendant.

**9.**

This is a civil action over which the United States District Court for the Middle District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy, exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

### III. DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

**1.**

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332 (a)(2), which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between a citizen of a state and citizens or subjects of a foreign state.

**2.**

The 23rd Judicial District Court for the Parish of Ascenion, State of Louisiana, is located within the Middle District of Louisiana pursuant to 28 U.S.C. § 98(b). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

**3.**

No previous application has been made by defendant, USAA CIC, for the relief requested herein. Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other pleadings of record served on or by defendant to date are attached hereto as Exhibit A. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Counsel, Zachary R. Christiansen, by e-mail and filed with the Clerk for the 23rd Judicial District Court in the state court record. No other process, pleadings, or orders have been served upon defendants.

### IV. CONCLUSION

**1.**

Under the applicable provisions of 28 U.S.C. §1441 and other applicable statutes, all of which defendant, USAA CIC, have complied with, this cause of action is removable to the United States District Court for the Middle District of Louisiana.

**2.**

Defendant, USAA CIC, reserves the right to supplement or amend this Notice of Removal.

**3.**

Defendant, USAA CIC, reserves all defenses, and the filing of this Notice of Removal is subject to, and without waiver, of any and all defenses that are or might become available, including, but not limited to those available to defendant, USAA CIC.

**4.**

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

**WHEREFORE,** Defendant, USAA Casualty Insurance Company, pray that the above numbered and entitled cause of action on the docket of the 23rd Judicial District Court, State of Louisiana, be removed from said court to the docket of the United States District Court for the Middle District of Louisiana, and for all other general and equitable relief.

> Respectfully submitted,
>
> *s/ James R. Nieset, Jr.*
> JAMES R. NIESET, JR. (24856)
> SARA A. LAROSA (33765)
> PORTEOUS, HAINKEL 7 JOHNSON, L.L.P.
> 704 Carondelet Street
> New Orleans, LA  70130-3774
> Telephone:  (504) 581-3838
> Email:  jnieset@phjlaw.com

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that on August 11, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following:

    **Zachary R. Christiansen (34486)**
    Bowling Christiansen Law Firm, APLC
    1615 Poydras Street, Suite 1050
    New Orleans, LA 70112
    *Attorney for Plaintiff*

    _s/ James R. Nieset, Jr._____
    JAMES R. NIESET, JR.
    SARA A. LAROSA

I hereby further certify that a copy of the foregoing Notice of Removal has also been placed in the United States mail, with proper and sufficient postage affixed, addressed to:

    **Honorable Katherine Tess Stromberg**
    23rd Judicial District Court
    607 E. Worthey Street
    Gonzales, Louisiana 70737

For filing in the state court action entitled "*Jennifer Sterbling v. USAA Casualty Insurance Company*," docket No. 136-838, Division C on the docket of the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana.

    _s/ James R. Nieset, Jr._____
    JAMES R. NIESET, JR.
    SARA A. LAROSA