UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JENNIFER STERBLING** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-710-JWD-SDJ** |
| **USAA CASUALTY INSURANCE COMPANY** | |

# ORDER

Before the Court is a Motion to Compel Responses to Discovery (R. Doc.7) filed by Defendant USAA Casualty Insurance Company on October 25, 2023. In its Motion, Defendant seeks an order compelling Plaintiff Jennifer Sterbling to respond to Interrogatories and Requests for Production of Documents propounded on Plaintiff on or about June 1, 2023.[1] Plaintiff has not responded to the Motion to Compel, and the deadline for filing an opposition has passed. *See* LR 7(f) (responses to motions are due within 21 days). As such, the Court considers Defendant's Motion unopposed.

On or about April 18, 2023, Plaintiff filed the instant action in the 23rd District Court, Parish of Ascension, State of Louisiana, naming as defendant USAA Casualty Insurance Company ("USAA").[2] USAA removed the action on August 11, 2023.[3]

According to USAA, it propounded discovery requests, consisting of interrogatories and requests for production of documents, to Plaintiff on June 1, 2023.[4] USAA represents that, while it provided an extension of the deadline to respond to these discovery requests, until July 27, 2023,

---

[1] R. Doc. 7 at 1.
[2] R. Doc. 1-1 at 1.
[3] R. Doc. 1.
[4] R. Doc. 7 at 1.

no responses have been provided as of the date of the instant motion.[5] USAA seeks an order compelling responses to the written discovery requests.[6]

The Federal Rules of Civil Procedure "apply to a civil action after it is removed from state court." Fed. R. Civ. P. 81(c)(1). In federal court, discovery generally cannot commence until the "parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). "Where discovery issued in state court has not been ruled on in state court prior to removal, Rule 26(f) and Rule 26(d) preclude such discovery from having any effect in federal court." *Sandoval v. Elcon Elec. Contractors, Inc.*, No. 18-989, 2019 WL 8440512, at *1 (M.D. La. Mar. 28, 2019). *See also Riley v. Walgreen Co.*, 233 F.R.D. 496, 499 (S.D. Tex. 2005) ("Nothing in the language of [Rule 26(d)] permits a party to continue to seek discovery which may have been properly served under state law rules pre-removal.").

Here, the interrogatories and requests for production at issue were served pursuant to the Louisiana Code of Civil Procedure while this matter was pending in state court, prior to removal. They were not served in conformity with Rules 33 and 34 of the Federal Rules of Civil Procedure.

Discovery requests cannot be served under the Federal Rules of Civil Procedure until after the parties have engaged in a Rule 26(f) conference. *See* Rule 26(d). Furthermore, USAA has raised no argument in support of a finding that the requests for production served under state procedural laws qualify as "Early Rule 34 Requests" pursuant to Rule 26(d)(2). Indeed, Rule 34(b)(2)(A) calculates the time to respond to requests "delivered under Rule 26(d)(2)." Requests for Production cannot be "delivered under" the Federal Rules of Civil Procedure when the matter is not in federal court.

---

[5] R. Doc. 7 at 1
[6] R. Doc. 7-1 at 2.

As such, the Court will not order Plaintiff to respond to these discovery requests, which were served prior to removal, while this matter was pending in state court.

Accordingly,

**IT IS ORDERED** that USAA's Motion to Compel Responses to Discovery (R. Doc.7) is **DENIED**.

Signed in Baton Rouge, Louisiana, on May 14, 2024.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**